# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

NICKIE AMBER O'BRIEN,           )
                                )
    Plaintiff,                  )
                                )
vs.                             )    NO. CIV-16-1176-HE
                                )
TRAVELERS PROPERTY              )
CASUALTY COMPANY OF             )
AMERICA D/B/A TRAVELERS, *et al.*, )
                                )
    Defendant.                  )

## **ORDER**

Plaintiff Nickie Amber O'Brien filed this breach of contract and bad faith action against Travelers Property Casualty Company of America ("Travelers")[1] seeking to recover uninsured/underinsured motorists ("UIM") benefits. After defendant refused to produce certain documents and produced redacted copies of others, plaintiff filed a motion to compel. A hearing was held regarding plaintiff's motion to compel on December 27, 2017. Based on the parties' arguments at the hearing and their submissions, the court makes the following determinations as to each category of documents plaintiff seeks to have produced.[2]

Attorney-client/Work Product

---

[1] Plaintiff named "Travelers Property Casualty Company of America d/b/a Travelers, Travelers Insurance Companies or Travelers Group, among other names" as defendants, alleging that Travelers is an unincorporated association of companies.

[2] Travelers also filed a motion for protective order regarding topics to be discussed at the Fed.R.Civ.P.30(b)(6) deposition of its corporate representative. That motion will be addressed by separate order.

Travelers either refused to produce or redacted multiple documents contending they are protected by the attorney-client privilege or the work product doctrine. Plaintiff claims the withheld documents should be produced because the attorney, whose advice or work defendant relies on to protect the materials from disclosure, Thomas Paruolo, was providing business rather than legal advice. *See* Leblanc v. Texas Brine Co., LLC, 2017 WL 913801, at *5 (W.D. Okla. Mar. 7, 2017), ("As with the attorney-client privilege, the work product doctrine does not protect written materials to and from a public relations firm or its agents regarding business, as opposed to legal, advice."), *appeal dismissed sub nom.* Texas Brine Co., LLC & Occidental Chem. Corp., ___ F.3d ___ (10th Cir. 2018). She asserts this is evidenced by the fact that he was hired the day after Travelers assigned an adjuster, Kimberly Palmer, to plaintiff's UIM claim and before there was any threat of litigation. Even if the legal and business purposes are linked, plaintiff argues that the court should still conclude that the documents are not privileged because the business purpose of the advice provided outweighs its legal purpose.

Defendant responds that Ms. Palmer was not the first claims representative it had assigned to the case. It argues outside counsel, specifically an attorney who was familiar with Oklahoma insurance law, was hired because plaintiff's attorney had "pilloried Travelers' personnel for months in Plaintiff's attempt to manufacture a bad faith claim." Doc. #46, p. 3.

The court recognizes that Mr. Paruolo was retained relatively early and before plaintiff had filed her lawsuit. However, Travelers has demonstrated reasons existed to hire Mr. Paruolo, other than, as plaintiff asserts, to subvert the discovery process. Not only

did Ms. Palmer have questions about Oklahoma law, plaintiff's counsel was, early on, hinting at the possibility of a bad faith claim.

A lengthy discussion of the applicable law is unnecessary. As this is a diversity action, state law governs claims of attorney-client privilege, while federal law governs the work product doctrine. Davis v. PMA Cos., Inc., 2012 WL 3922967, at *1 (W.D. Okla. Sept. 7, 2012). The attorney-client privilege protects "confidential communications [between the attorney and the client] made for the purpose of facilitating the rendition of professional legal services to the client." 12 Okla. Stat. § 2502(B). The goal of Fed.R.Civ.P. 26(b)(3), which governs the attorney work product doctrine, "is to protect an attorney's subjective analysis and substantive efforts in, or in anticipation of, litigation from use by the adverse party." Davis, 2012 WL 3922967, at *1 (internal quotation marks omitted). Work product materials are discoverable only upon a showing of substantial need and an inability to obtain their substantial equivalent by other means without undue hardship. Rule 26(b)(3)(A)(ii). If discovery of those materials is ordered, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation." Rule 26(b)(3)(B).

A communication is not protected by the attorney-client privilege merely because an attorney is involved. It must relate to legal advice or strategy. Davis, 2012 WL 3922967, at *3. While it may be more plausible that, because he was outside counsel, Mr. Paruolo was retained to and did provide only legal advice, defendant still must persuade the court that he was not, as plaintiff urges, assisting in claims investigation. The affidavit

of Ms. Palmer helps rebut that assertion.³ But even if her sworn statement establishes that Mr. Paruolo did not adjust plaintiff's insurance claim, it does not demonstrate that all the documents which defendant redacted or withheld fall within the protection of the attorney-client privilege or the work product doctrine. That is principally because the privilege log defendant provided is not sufficiently detailed to permit the court to determine that the withheld or redacted documents relate to legal opinions or legal advice. *See* Davis, 2012 3922967, at *4.

Plaintiff suggested as alternative relief that defendant "provide a better explanation as to why the information was redacted or withheld." Doc. #48, p. 11. The court concludes that is a reasonable resolution of the dispute as it appears at least some, if not most, of the material may have been properly redacted or withheld. Defendant is therefore directed to review <u>all</u> the materials which it either redacted or withheld on the basis of attorney-client privilege or work product, keeping in mind that "[b]ecause privileges 'are in derogation of the search for truth,' they are 'construed narrowly.'" Davis, 2012 3922967, at *1 (quoting United States v. Kapnison, 743 F.2d 1450, 1456 (10th Cir. 1984)). Within fifteen (15) days defendant is directed to (1) produce any materials which, after a second careful review, it concludes are not protected and (2) provide plaintiff with a revised privilege log which is sufficiently detailed to demonstrate that any materials not produced were properly redacted or withheld. *See* Leblanc, 2017 WL 913801, at *5 (discussing detail required for privilege log as demonstrated by cited cases' parentheticals).

---

³ *An affidavit from Mr. Paruolo would have been even more persuasive on this issue. See Davis, 2012 WL 3922967, at *4.*

UM Worksheet

As this document has been produced to the extent possible, plaintiff's request is moot. Although Travelers could not recreate the version of the document as it appeared in 2016, the court is not persuaded that its failure to preserve the 2016 version amounts to spoliation of evidence. Plaintiff is not entitled to an adverse inference or partial summary judgment on her contract claim.

Claims and Training Manuals

In response to plaintiff's motion seeking the production of sixteen guides or training materials, defendant has produced the Initial Contact Guide, the F.P.M. Fast Track Claim Handling Guide, Outside Claim Handling, and the BIW PDW Elimination $1,000 and Under FAQ. Defendant is directed to produce the Local Office Guidelines, Records Management Policies and Standards, Enterprise Medical Knowledge Guide, Liability Medical Solution, Medical Record Summarization, Subrogation Technical Guide and Subrogation Knowledge Guide. Plaintiff has not demonstrated she is entitled to production of the other guidance materials sought. It either is privileged/work product, not relevant or not proportional to the needs of her case.

Claim File Materials

Based on the notice the court received from defense counsel [Doc. #62], the dispute regarding defendant's production of its claims files has been resolved and is now moot.

Medical Injury Screen

As defendant has produced this document to the extent it can be recreated, the dispute is moot. The court is not persuaded that because defendant failed to preserve the

original document plaintiff is entitled to an adverse inference or partial summary judgment on her contract claim.

Accordingly, plaintiff's motion to compel [Doc. #43] is **GRANTED IN PART** and **DENIED IN PART**. Defendant is directed to produce the documents specified in this order and the revised privilege log within **fifteen (15) days**.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE